**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION**

| | |
|---|---|
| FIDELITY & GUARANTY LIFE INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>v.<br><br>MARY LEE KEECH, GLORIA HARRIS, JOSEPH KEECH JR., JUDY KEECH, and LORI CRAIG,<br><br>        Defendants. | Case No. 4:18-cv-00113<br><br><br>**COMPLAINT FOR INTERPLEADER** |

Plaintiff Fidelity & Guaranty Life Insurance Company ("<u>Fidelity</u>"), by and through its undersigned counsel, brings this interpleader action pursuant to 28 U.S.C. § 1335 against Mary Lee Keech, Gloria Harris, Joseph Keech, Jr., Judy Keech, and Lori Craig (collectively, "<u>Defendants</u>"), and alleges as follows:

### NATURE OF THE ACTION

1.      This is an interpleader action to resolve competing claims among Defendants regarding proceeds from decedent Joseph Thomas Keech's ("<u>Mr. Keech</u>") Fidelity annuity, policy number MX00xxxx (the "<u>Policy</u>"), which will likely expose Fidelity to multiple liability.

### JURISDICTION AND VENUE

2.      Fidelity is a corporation organized under the laws of the State of Iowa with its principal place of business in Des Moines, Iowa.

3.      Upon information and belief, Defendant Mary Lee Keech is a citizen of the State of North Carolina and resides in Washington, North Carolina.

4.      Upon information and belief, Defendant Gloria Harris is a citizen of the State of Delaware and resides in Ocean View, Delaware.

5.      Upon information and belief, Defendant Joseph Keech Jr. is a citizen of the State of North Carolina and resides in Watha, North Carolina.

6.      Upon information and belief, Defendant Judy Keech is a citizen of the State of North Carolina and resides in Washington, North Carolina.

7.      Upon information and belief, Defendant Lori Craig is a citizen of the State of North Carolina and resides in Washington, North Carolina.

8.      Jurisdiction of this action is proper in this Court under 28 U.S.C. § 1335. The required diversity exists because Defendant Gloria Harris is a citizen of Delaware and the remaining Defendants are citizens of North Carolina. *See id.* at § 1335(a)(1). In addition, the Policy proceeds at issue exceed $500. *See id.* at § 1335(a). Finally, by this Complaint, Fidelity seeks permission to deposit the Policy proceeds with the Court.

9.      The Court has personal jurisdiction over all Defendants with respect to the Policy. Pursuant to 28 U.S.C. § 2361, this Court may issue process to each of the Defendants and each of the Defendants may be served where they reside or may be found.

10.     Venue is proper in this Court under 28 U.S.C. § 1397 because Defendants Mary Lee Keech, Judy Keech, and Lori Craig reside in this District.

## FACTUAL BACKGROUND

11.     On or about October 2, 2014, Fidelity issued the Policy.

12.     At the time the application for the Policy was taken, Mr. Keech designated his wife, Mary Lee Keech, as the beneficiary of the Policy.

Case 4:18-cv-00113-BO   Document 1   Filed 06/29/18   Page 2 of 4

13.     On or about June 28, 2017, Mr. Keech submitted a change of beneficiary form to Fidelity changing the beneficiary from his wife, Defendant Mary Lee Keech, to his four children, Defendants Gloria Harris, Joseph Keech Jr., Judy Keech, and Lori Craig.

14.     Mr. Keech died on August 1, 2017, approximately one month after he changed the beneficiaries of the Policy.

15.     After Mr. Keech's death, his four children each submitted a claim to Fidelity for the proceeds of the Policy.

16.     Mr. Keech's wife, Defendant Mary Lee Keech, and her attorney have also contacted Fidelity regarding the Policy and asked that Fidelity withhold payment of the Policy proceeds until issues regarding Ms. Keech's entitlement are resolved.

17.     As such, there are competing claims to the Policy proceeds.

18.     As of October 2017, the proceeds of the Policy totaled approximately $82,000.

19.     Fidelity is a non-liable, disinterested stakeholder with respect to the proceeds from the Policy and is exposed to the possibility of double or multiple liability by Defendants' competing claims.

20.     Fidelity stands ready, willing, and able to pay the proceeds of the Policy, but the Defendants' competing claims have created doubt and uncertainty as to which of the Defendant(s) has/have the legal rights to those proceeds.

21.     Fidelity may be prejudiced if it pays the proceeds of the Policy to one or some of the Defendants, in the absence of clear guidance from the Court as to which of the Defendant(s) is/are legally entitled to the proceeds.

22.     Fidelity is willing to deposit the proceeds or surrender the proceeds into the registry of the Court.

## PRAYER FOR RELIEF

WHEREFORE, Fidelity respectfully requests as relief the following order:

a.  Accepting deposit of the proceeds of the Policy into its registry;

b.  Restraining each Defendant from instituting any action against Fidelity for recovery of the Policy proceeds;

c.  Requiring Defendants to interplead their claims to the Policy or be forever barred from asserting those claims;

d.  Entering judgment establishing Defendants' respective legal rights to the proceeds of the Policy;

e.  Discharging Fidelity from liability to each and every Defendant with respect to the Policy and its proceeds;

f.  Awarding Fidelity its reasonable attorneys' fees and costs incurred in bringing this interpleader action; and

g.  Awarding Fidelity any further relief as the Court deems just and proper.


Dated:  June 29, 2018.

/s/Susan K. Burkhart
Susan K. Burkhart
N.C. Bar No. 10151
skb@cshlaw.com

CRANFILL SUMNER & HARTZOG LLP
5420 Wade Park Blvd. Suite 300
Raleigh, North Carolina 27607
Telephone:  (919) 863-8709
Facsimile:  (919) 863-3537

*Attorneys for Plaintiff Fidelity & Guaranty Life Insurance Company*

4